## MELDRUM v. SARVIS, ADMINISTRATOR OF BOSS.

1. Court have the power, under special circumstances, to change the venue in an action of debt on a bond.

2. Venue may be charged in ejectment.

In debt on bond. *Leake* moved to change the venue, and the following circumstances appeared to the court.

The plaintiff, Meldrum, had entered up a judgment in August, 1791, in the Inferior Court of Common Pleas of Hunterdon, against Boss, who died before execution executed. After hearing the parties, the court ordered the judgment to be opened, plea filed, and trial, the execution, which had been issued but not executed, to stand as a security for what should be found due, and if nothing should appear to be due, then judgment and execution to be set aside. The administrator pleaded—1st. *Non est factum.* 2d. That it was fraudulently [204] obtained from Boss, who was an illiterate person, instead of a bond of indemnity to Meldrum, who had become security for Boss for money borrowed. 3d. That Boss was not indebted to plaintiff. 4th. That Meldrum had not been damnified. 5th. *Per fraudem* generally. In July, 1792, the cause came on for trial, but as the jury could not agree in their verdict, they were discharged by consent. In May, 1793, the cause came a second time to trial, when the plaintiff, after a long trial, suffered a non-suit, and then commenced this action in the Supreme Court, laying the venue in Burlington.

*Leake* produced the affidavit of Sarvis, the defendant, which stated that the cause of action arose, if anywhere, in Hunterdon; that he had a great many witnesses, to the number of forty, residing there; that the estate of Boss was too small to bear the expense of a distant trial; and that no cir-

*Meldrum* v. *Sarvis, Administrator.*

cumstances of convenience of the parties opposed the motion, since they both resided in the county of Hunterdon.

He cited *Foster* v. *Taylor,* 1 *T. R.* 781; 2 *Bl. Com.* 294, 384.

*R. Stockton* and *Aaron Ogden,* against the rule—said that the questions were : have the court the power, in such a case as the present, to change the venue? will the court do it on the affidavit of defendant?

The plaintiff has made two unsuccessful attempts to have his cause determined. On the first occasion, after a protracted trial, the jury were unable to come to an agreement: seven were for the plaintiff, and five for the defendant. On the second, after a trial which lasted from Wednesday until Monday, the jury were not able to agree in their verdict. On both occasions they applied to the court to be discharged. On the first, *Leake* assented ; but in consequence of his refusal at the second trial, it might truly be said, the jury were starved into a verdict, and the plaintiff was compelled to look elsewhere for an impartial decision of his case.

The case from *Term Reports* is the first where the court have intimated any disposition to change the venue in a case of this description ; they only spoke of it as reasonable, and the course taken was manifestly the result of a compromise [205] between the parties. In *Bradley* v. *Adey,* and *Everest* v. *Sansum, Barnes* 491, the court state the law to be, that in actions on specialties they cannot change the venue. In this court also in the case of *Shotwell* v. *Clark,* an application of this kind was made and refused, and two other cases were subsequently ruled in the same manner, by which the practice in New Jersey has been settled.

It is admitted the general rule is in our favor, and no ground is laid to authorize a variation in this case, except the bare allegation of poverty. Not more than five of the witnesses were material, and if they examined twenty unnecessarily, it ought not to operate to our detriment.

The only question is, whether an impartial trial can be had

in Burlington, the county where the venue is laid; in the absence of proof to the contrary, this must be taken for granted, and the defendant is without any ground to require the exercise of the discretionary power alleged to belong to the court. *Mylock* v. *Saladine*, 3 *Burr*. 1564; *Slaughter* v. *Bradock*, 4 *Burr*. 2447.

KINSEY, C. J. There are two grounds on which this application seems to be disputed.

1st. It is said the court have not the power of granting it.

2d. If they have the power, the present case is not of such a nature as to require the extraordinary interposition of the court.

I should be unwilling to establish it as an inflexible rule, that the court had no such power; and that it was not competent for them to change the venue in a case where it was absolutely necessary to have justice done to the parties by a fair and impartial trial. But this discretionary power should not be used without good cause.

In New Jersey the courts have exercised it for upwards of fifty years. In Coxe's causes, in this county, which were ejectments, the venue was changed, and the array challenged, but the decision of this court was confirmed by governor and council, on a writ of error.

[206] In the case of *Parvin* v. *Miller*, an ejectment in which I was concerned, it was so determined against all the opposition I could make to the motion. In *Shotwell* v. *Clark*, the court never intended to lay down any general position : we decided upon the circumstances.

The case of *Foster* v. *Taylor*, cited from *Term Reports*, seems to have been compromised; but the general principle that the court possessed the right of changing the venue, on sufficient grounds being laid, appears to have been admitted on all hands, and the single question contested was, whether such grounds were laid.

This brings me to the second question, viz. : Is there any ground here? On an inspection of the affidavit offered, it

appears to contain a number of facts, some resting solely in the party's belief, but not proving anything on which the court ought, in a case of this kind, to interpose. Many of these facts may be sworn in almost every action; most of them being merely matters of belief, are entitled to no consideration; and certainly are not of a character which requires us to say that the plaintiff shall be deprived of the privilege of laying the venue where he pleases. It is not pretended the parties cannot have justice in Burlington county; we are therefore against changing the venue.

Motion refused.

NOTE.—See 1 *Bacon's Abridgment*, (*Wilson's edit.* 58,) for the cases in which the venue will be changed. 1 *Caines* 4, (2d *edit.*,) *note.*

CITED *in Murray* v. *N. J. R. R. & Tr. Co.*, 3 *Zab.* 63.